# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KYLE CHYMA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TAMA COUNTY SCHOOL BOARD,<br>LARRY MOLACHEK, STEVE<br>BURR, AND ERNIE TOMLINSON,<br><br>　　　　Defendants. | No. C07-0056<br><br>ORDER DENYING RULE 59(e)<br>MOTION |

This matter comes before the Court on the Rule 59(e) Motion to Alter or Amend (docket number 25) filed by the Plaintiff on September 18, 2008, and the Brief in Resistance (docket number 27) filed by the Defendants on September 24, 2008. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND FACTS AND PROCEEDINGS

On April 27, 2007, Plaintiff Kyle Chyma ("Chyma") filed a Petition for Damages (docket number 2-4) in two counts, alleging violation of constitutional and statutory rights under color of law (Count I) and invasion of privacy (Count II).[1] Among other things, Chyma claimed that his transfer to an alternative school by Defendants was "without notice and a hearing in violation of Chyma's due process rights under the Fourteenth Amendment

---

[1] The Petition was initially filed in the Iowa District Court for Tama County, but was removed to the United States District Court for the Northern District of Iowa on June 7, 2007.

of the Constitution of the United States and Article I, Section 9, of the Constitution of Iowa."[2]

On June 13, 2008, Defendants moved for summary judgment, arguing that "no procedural due process rights of the Plaintiff were violated."[3] In his brief opposing the motion for summary judgment, Chyma argued that his transfer to the alternative high school "was without notice and a hearing."[4] Chyma also argued, without citing any legal authority, that "the Alternative High School's inability to provide Chyma with college preparatory classes was not in compliance with Iowa's laws requiring that the School Board provide Chyma with a [sic] adequate education."[5] In support of his argument, Chyma relied on the affidavit of Kyle Chaska, a recently retired school principal.[6] Mr. Chaska opined that "[b]ecause the alternative high school did not have resources to continue teaching the classes Kyle was taking, the alternative high school was not able to provide Kyle with the appropriate education and Mr. Burr's transfer was a long term suspension or expulsion."[7] Accordingly, it was argued that the transfer could only be ordered by the school board.

In granting Defendants' motion for summary judgment, the Court rejected Chyma's claim that he was not provided procedural due process.[8] Chyma and his parents were given "an opportunity to present their side of the story," which is all that is required.

---

[2] *See* Petition for Damages (docket number 2-4), ¶ 12 at 3.

[3] *See* Defendants' Motion for Summary Judgment (docket number 9) at 2.

[4] *See* Plaintiff's Brief in Opposition (docket number 18-2) at 13.

[5] *Id.*

[6] *See* Affidavit of Kyle Chaska (docket number 18-10).

[7] *Id.* at 2.

[8] *See* Ruling on Motion for Summary Judgment (docket number 23).

2

*Jennings v. Wentzville R-IV School District*, 397 F.3d 1118, 1124 (8th Cir. 2005) (citing *Goss v. Lopez*, 419 U.S. 565 (1975)). In his instant motion, however, Chyma argues that the Court failed to address his claim that "the alternative school's lack of the chemistry class resulted in the School Board's failure to provide Chyma with an adequate education."[9]

The facts underlying Chyma's claim were described by the Court in its Ruling on Motion for Summary Judgment, as follows:

> One of Chyma's principal complaints is the fact that he was unable to continue his chemistry class when he was required to transfer to the alternative high school. Chyma had completed one term of chemistry in the fall of 2005 and was scheduled to take chemistry during the second term. The chemistry class was unavailable, however, through the alternative high school. According to Burr, Chyma could have completed the chemistry class during the fourth term in the spring of 2006, had he not elected to graduate early. Chyma acknowledged in his deposition that he talked with school officials about taking the second-term chemistry class upon his return to the high school, but could not remember their response.

Ruling on Motion for Summary Judgment (docket number 23) at 8.

Chyma continued to take college preparatory classes while attending the alternative high school, including Advanced Biology, English, Math, and U.S. Government.[10] While second-term chemistry was not available when he returned to South Tama High School during the third term, he could have completed the course during the fourth term.

## II. DISCUSSION

When discussing his placement at the alternative high school in his initial brief in opposition to the motion for summary judgment, Chyma claimed that the transfer "was

---

[9] *See* Plaintiff's Rule 59(e) motion (docket number 25), ¶ 2 at 2.

[10] *See* Supplemental Appendix of Documents (docket number 22-2) at 4.

3

without notice and a hearing."[11] In its initial ruling, the Court considered, and rejected, Chyma's claim in this regard. The Court will not repeat its analysis here.

Chyma argues that his placement at the alternative high school did not provide him with an "adequate education." To support his claim, Chyma relies on the affidavit of Kyle Chaska, a recently-retired school principal who knows Chyma's parents. Mr. Chaska notes in his affidavit that "Kyle had to drop the classes and take different classes at the Alternative High School." From that, Mr. Chaska concludes that "[b]ecause the Alternative High School did not have resources to continue teaching the classes Kyle was taking, the Alternative High School was not able to provide Kyle with the appropriate education and Mr. Burr's transfer was a long term suspension or expulsion."[12]

In discussing his "alternate placement" in his brief in opposition to Defendant's motion for summary judgment, Chyma does not cite any legal authority.[13] Similarly, in his brief in support of his Rule 59(e) motion, Chyma likewise does not cite any authority on point.[14] "A movant must cite appropriate and available precedent if he expects to prevail." *Jordan v. Bowersox*, 2008 WL 441697 at *32 (E.D. Mo. 2008). *See also Lynnville Transport, Inc. v. Chao*, 316 F. Supp. 2d 790, 804 (S.D. Iowa 2004).

Given the lack of specificity found in Chyma's Rule 59(e) motion and his failure to cite any legal authority, it is difficult to determine the nature of Chyma's claims. Nonetheless, the Court will address the issue which is apparrently raised by Chyma's briefs. Chyma apparently argues that his transfer to the alternative high school "was a

---

[11] *See* Plaintiff's Brief in Opposition (docket number 18-2) at 13.

[12] *See* Affidavit of Kyle Chaska (docket number 18-10) at 2.

[13] *See* Plaintiff's Brief in Opposition (docket number 18-2) at 13.

[14] *See* Plaintiff's Brief in Support of Plaintiff's Rule 59(e) [Motion] to Alter or Amend (docket number 25-2).

4

long term suspension or expulsion," that such action could only be taken by the school board after a formal hearing, and that his procedural due process rights were thus violated.

In the Court's Order granting Defendants' motion for summary judgment, the Court "assume[d], without deciding, that Chyma was entitled to procedural due process prior to being transferred to the alternative school."[15] The Court's imprecision was due partly to Chyma's failure to cite any legal authority on this issue. The Court now concludes, however, that the issue requires further analysis.

In *Goss v. Lopez*, 419 U.S. 565 (1975), the Court recognized that a student has a "property interest" to a public education and, therefore, some minimal due process is required prior to a short-term suspension. *Id.* at 576. The Fifth Circuit Court of Appeals recently held, however, that "a student's transfer to an alternative school for disciplinary reasons implicates no constitutionally-protected property interest." *Langley v. Monroe County School Dist.*, 264 Fed. Appx. 366, 368 (5th Cir. 2008) (citing *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25 (5th Cir. 1997)).

Similar conclusions have been reached in other circuits. In *Zamora v. Pomeroy*, 639 F.2d 662, 670 (10th Cir. 1981), the Court concluded that the plaintiffs had failed to state a constitutional claim "in the absence of a clear showing" that placement in the alternative school substantially prejudiced the student. In *C.B. v. Driscoll*, 82 F.3d 383, 389 (11th Cir. 1996), the Court expressed "doubt" whether the student had a property interest in attending the regular high school "instead of the alternative school to which he was assigned." In *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1359 (6th Cir. 1996), the Court observed that a student "may not have procedural due process rights to notice and an opportunity to be heard when the sanction imposed is attendance at an alternative school absent some showing that the education received at the alternative school is significantly different from or inferior to that received at his regular public school."

---

[15] *See* Ruling on Motion for Summary Judgment (docket number 23) at 12, n.27.

Chyma has not cited any Eighth Circuit case (or a case from any other circuit) on this point. It appears to be the consensus of the circuits, however, that placement in an alternative school does not implicate procedural due process rights unless there is a showing that the education provided by the alternative school is substantially inferior. Chyma is unable to make that argument here for a number of reasons.

According to Defendants' resistance (docket number 27), Plaintiff did not designate Mr. Chaska as an expert witness and the time for doing so expired on December 18, 2007. Chyma's failure to timely identify Mr. Chaska precludes his testimony as an expert witness. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'") (quoting FED. R. CIV. P. 1).

The facts in the instant action are remarkably similar to those found in *Marner v. Eufaula City School Bd.*, 204 F. Supp. 2d 1318 (M.D. Ala. 2002). There, the plaintiff was an A student at Eufaula High School, who participated in football and tennis, and was a member of the honor society. The plaintiff also wished to attend the United States Naval Academy and was concerned "that disciplinary action taken by the Defendants will prevent him from being accepted to that institution." *Id.* at 1320. After an "exacto blade" and a "large pocketknife" were found in the plaintiff's car in the parking lot at his school, the plaintiff was suspended for 3 days and required to attend an alternative school for 45 days. The plaintiff acknowledged that "when a public school student is suspended for fewer than ten days, the only process due is oral or written notice of the charges, an explanation of the evidence the authorities have, and an opportunity to present the student's side." *Id.* at 1323 (citing *Goss v. Lopez*, 419 U.S. 565 (1975)). The plaintiff argued, however, "that the forty-five days in alternative school amounted to a suspension," and, therefore, he "was entitled to a full hearing before the school board." *Id.* The Court rejected the plaintiff's argument. The Court concluded that in the Eleventh Circuit, "the alternative

school must be so inferior as to amount to an expulsion from the educational system" in order to establish a property interest which is protected by procedural due process. *Id.* at 1324 (citing *C.B. v. Driscoll*, 82 F.3d 383 (11th Cir. 1996)).

The consensus view seems to be that a student does not have a property interest in attending a particular school, thereby triggering a right to procedural due process, unless the education provided at the alternative school is significantly inferior to that provided in the student's original school. Chyma has failed, as a matter of law, to make that showing in this case. While attending the alternative high school, Chyma took classes in Advanced Biology, English, Math, and U.S. Government. Chyma does not claim that those classes were in any way inferior to similar classes offered at South Tama County High School. While Chyma's completion of the chemistry class would have been delayed until the fourth quarter of his senior year, that fact does not render the alternative school "significantly inferior," so as to implicate Chyma's right to procedural due process. The motion to alter or amend the judgment of dismissal will be denied.

## ORDER

IT IS THEREFORE ORDERED that the Rule 59(e) Motion to Alter or Amend (docket number 25) filed by Plaintiff on September 18, 2008 is hereby **DENIED**.

DATED this 8th day of October, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA